DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., <br><br>Plaintiffs <br><br>vs. <br><br>FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., <br><br>Defendants. | Civil Case No. 06-00025 <br><br>**ORDER RE: MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE** |

On June 20, 2007, this matter came before the court for a hearing on the Defendants' Motion to Immediately Transfer For Convenience. The Defendants, Fujitsu Limited and Fujitsu Microelectronics America, Inc., argued that the case should be transferred to the Northern District of California. Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the court hereby **GRANTS** the motion and issues the following decision.

## BACKGROUND

On September 13, 2006, the Plaintiff, Nanya Technology Corp. ("Nanya")[1] filed the present action in the District Court of Guam. The Plaintiffs alleged claims of patent infringement, declaratory judgment and antitrust violations concerning patents covering computer memory technology against the Defendants, Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc. ("FMA"). Thereafter, forty-one days later, on October 24, 2006, Fujitsu filed a

---

[1] The complaint was subsequently amended on November 17, 2006 to add Plaintiff Nanya Technology Corp. U.S.A. to the action.

complaint against Nanya in a federal district court in San Jose, California.[2]

Since the filing of the Plaintiffs' complaint, there have been several motions, many of them concerning jurisdictional issues filed, such as: Motion to Exceed Number of Interrogatories and Request for Admissions, Motion to Clarify Magistrate Judge's Order and Motion to Compel Substantive Responses to Plaintiffs' Discovery Requests; Motion to Compel Substantive Responses to Plaintiffs' First Requests for Production; Motion to Compel Documents Responsive to Jurisdictional Requests for Production to Fujitsu Microelectronics America, Inc.; Motion to Compel Immediate Substantive Responses to Jurisdictional Discovery Requests; Motion for Court Ordered Mediation; Motion for Entry of Protective Order; Motion to Dismiss or Transfer to the Northern District of California and for a More Definite Statement.

On April 17, 2007, the Defendants filed a Motion to Immediately Transfer for Convenience. It is this motion that is now before the court.

## DISCUSSION

In light of the recent U.S. Supreme Court opinion of *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,* 127 S.Ct. 1184 (Mar. 5, 2007), the Defendants move this court to immediately transfer this case to the District Court for the Northern District of California for convenience.[3] In *Sinochem*, the Supreme Court held that a district court can exercise its discretion to immediately consider a motion to transfer for convenience before taking up complicated jurisdictional issues. The Supreme Court specifically stated that "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id.* at 1194.

---

[2]*Fujitsu Ltd. v. Nanya Technology Corp.,* Case No. C06-06613CW, United States District Court for Northern California, San Jose Division.

[3]Prior to the ruling in *Sinochem*, the Ninth Circuit had held that before deciding the issue of *forum non conveniens*, a court must first satisfy itself that it has jurisdiction. *See Patrickson v. Dole Food Co.,* 251 F.3d 795, 800 n.3 (9th Cir. 2001)("As the district court recognized, such claims may raise serious questions of *forum non conveniens* under federal and state law. Of course, the federal courts may decide that issue only if we have jurisdiction over the case.").

-2-

1 The Plaintiffs argue that *Sinochem* holds that only in "rare" cases where a federal court is presented with a "textbook case[s] for immediate *forum non conveniens* dismissal" can a court use its discretion and dismiss a case before determining whether it has jurisdiction. The Plaintiffs claim that this is not such a "textbook" case. The court must first determine whether it has jurisdiction before it can consider a motion to dismiss for *forum non conveniens*. Moreover, Plaintiffs claim that *Sinochem* has nothing in common with this case.

The court does not agree with the Plaintiffs, and finds that *Sinochem,* is applicable in this matter. In *Sinochem,* a Malaysian shipping company brought an action against a Chinese importer in the Eastern District of Pennsylvania. There was already a pending case that had been filed in China. Without deciding definitively whether it had jurisdiction, the District Court dismissed the action under the doctrine of *forum non conveniens*. The Third Circuit vacated and remanded the matter holding that the District Court could not dismiss the case under the *forum non conveniens* doctrine unless and until it determined definitively that it had both subject-matter jurisdiction and personal jurisdiction.

The Supreme Court granted review to decide the question of whether "a district court must first conclusively establish [its own] jurisdiction before dismissing a suit on the ground of *forum non conveniens*." *Sinochem,* 127 S.Ct. at 1188 (Mar. 5, 2007). The circuits had been split as to whether *forum non conveniens* could be decided prior to matters of jurisdiction. The Court found that a federal court can dismiss under the *forum non conveniens* doctrine before "definitively ascertaining its own jurisdiction." While it is always preferable to dismiss on jurisdictional grounds if possible, a court need not undertake an "arduous inquiry" where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal. Under such circumstances the Court properly takes the less burdensome course and dismisses on grounds of *forum non conveniens. Id.* at 1194.

Like the Plaintiff in *Sinochem*, the Plaintiffs here filed suit in a forum that was not its place of residency. Second, the acts giving rise to the actions also occurred outside of the chosen forum. In addition, the issue of jurisdiction in the chosen forum is unclear. In fact, in this case the issue of jurisdiction is very much in contention. Given the similarities between the cases this court finds

no reason why *Sinochem* would not apply.

The burden of establishing the need for transfer rests with the movant. *Saleh, et al., v. Titan Corporation, et al.*, 361 F. Supp. 2d 1152, 1155 (C.D. Cal. 2005). Here, the Defendants assert that transfer is warranted because all of the parties have significant contacts with the Northern District of California, and none have significant contacts with Guam. Two of the parties (Nanya Technology Corp. U.S.A. and Fujitsu Microelectronics America, Inc.) to this action actually reside in the Northern District of California; none reside on Guam. Fujitsu Microelectronics America ("FMA") is headquartered in Sunnyvale, California. *See* Declaration of Michael Moore ("Moore Decl.") at ¶ 2. Additionally, there are substantial documents and witnesses located in the Northern District of California; no documents or witnesses are located on Guam. *Id.* at ¶ 20; Declaration of Shigeru Kitano ("Kitano Decl.") at ¶ 25. Moreover, the Defendants claim that Guam is an extremely inconvenient forum for all parties and jurisdiction in Guam is hotly contested.

"Section 1404(a) 'displaces the common law doctrine of *forum non conveniens* [4] with respect to transfers between federal district courts." *Saleh*, 361 F.Supp. 2d 1152, at 1155. "Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem,* 127 S.Ct. 1184, 1190-1191 (Mar. 5, 2007). Under 28 U.S.C. § 1404(a) a court may transfer a civil case to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The purpose of a transfer under § 1404(a) is to prevent the

---

[4]In ruling on a motion to transfer under § 1404(a), some courts continue to use private and public factors traditionally considered in deciding motions to dismiss under the doctrine of *forum non conveniens*. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). The relevant private factors include: availability of process to compel the presence of unwilling witnesses; costs of obtaining the presence of unwilling and willing witnesses; relative ease of access to sources of proof; and all other practical problems indicating the case can be tried more expeditiously and less expensively. *Id.* at 843. The relevant public factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.,* (citations omitted).

waste of time, energy and money and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense. *Continental Grain Co. v. The Barge FBL*, 364 U.S. 19, 26-27 (1960). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different [d]istrict [c]ourts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* It is undisputed that this action could have been brought in the Northern District of California, indeed, the almost identical lawsuit has already been filed there. Thus, the only issue really before this court is whether the action should be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Ordinarily, a plaintiff's choice of forum is accorded substantial weight. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). However, the deference due a plaintiff's choice of forum is greatly reduced where the plaintiff does not reside in the forum, or where the forum lacks a significant connection to the activities alleged in the complaint. *Williams v. Bowman*, 157 F.Supp.2d 1103, 1006 (N.D. Cal. 2001). In judging the proper weight to be given a plaintiff's choice of forum, a court must consider both "the defendant's business contacts with the chosen forum and [ ] the plaintiff's contacts, including those relating to his cause of action. If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pacific Car and Foundry Company v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

The Plaintiffs claim that it specifically chose Guam because of its convenience to Taiwan and under the general principle that patent cases should be filed in the closest forum to the area of the infringing device and the hub of activity relating to "its production, such as the product's development, testing, research, marketing and sales." *See* Plaintiff's Response, p.7. (citations omitted). The Plaintiffs rely upon *Bowe, Bell +Howell Co., v. MidSouth Technologies, LLC,* 2005 WL 1651167,\* 3 (N.D. Ill. June 30, 2005) ("interests of justice mandate that the first-filed doctrine should be applied in this case.").

However, unlike *Bowe*, where the plaintiff was a resident of the forum, the Plaintiffs here

are foreigners to Guam. Courts have found geographical distance to a forum irrelevant where neither party resides in the forum and either venue will require significant travel. *See, e.g., Pacific Car and Foundry Company v. Pence*, 403 F.2d 949, 953-955 (9th Cir. 1968); *see also Stonetile Canada Ltd. v. Castia Stone, Inc.*, 2006 WL 3763160 at * 2 (W.D. Wash. Dec. 21, 2006) ("[P]laintiff will be required to travel a significant distance to litigate regardless of whether that litigation takes place in Washington or Oregon. Moreover, since plaintiff is not a resident of its chosen forum state, that choice is given little deference.").

The Plaintiffs also claim that Guam is more convenient for the parties and witnesses. For example, the Plaintiffs claim that the majority of the Defendants' own witnesses live much closer to Guam, such as in Taiwan or Japan, than in California.[5] However, the Defendants argue that the majority of its intended witnesses actually reside in Northern California or in the continental United States. *See* Reply, Exhibit B (Defendants LR 26.2 Disclosures) attached thereto. Of the twenty-three witnesses likely to be called by the Defendants, thirteen (13) of them reside in Northern California or in the continental United States. *Id.* In addition, the Defendants contend California is a more convenient forum because the Defendant, FMA, is located in the Northern District of California and a number of Defendant Fujitsu's employees regularly travel there. Kitano Decl.*,* at ¶ 26.

The court needs to consider all the relevant factors in this matter. The court must weigh Plaintiffs' choice of forum against the convenience of the Defendants and the witnesses and the interests of justice. Admittedly, Guam is closer to the situs of the claims originating in Japan than is California. And while that factor is important, it does not outweigh all of the other factors when combined. No longer is travel or geographical distance the impediment it once may have been. With teleconferencing and availability of flights from Taiwan or Japan to California, the court does

---

[5]In making its statements concerning the residency of the Defendants' witnesses, the Plaintiffs may have been relying upon earlier Rule 26(a) disclosures made in the Northern District of California case that were served on January 26, 2007. Subsequent discovery identified additional witnesses as set forth in the Defendants' Rule 26.2 disclosures made in the Guam case which were served on the Plaintiffs on May 4, 2007.

not recognize the inconvenience of travel between those locales as the deciding factor in the equation. Based upon what is before the court, there is no competent evidence that establishes that this forum has a "particular interest" in the matter at issue. While Guam does have an interest in protecting its citizens, all of the specific actionable events at issue here apparently happened outside of Guam.

Based on the record before it, this court finds that defendant has demonstrated the interests of justice and of the parties will be served most fairly and efficiently in the transferee forum of the Northern District of California. Two of the parties are located in California. The remaining parties will be required to travel a significant distance to litigate regardless of whether that litigation takes place in Guam or California. Moreover, since Plaintiffs are not residents of their chosen forum, that choice is given little deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1982).

Furthermore, it appears that convenience of the witnesses favors the California venue. Both parties have identified witnesses that are located in the California area. In fact, the majority of the Defendants' witnesses reside in Northern California or in the continental United States. As noted, since Plaintiffs chose to bring this litigation in a forum where they do not reside, travel for their witnesses is a necessary inconvenience whether that travel is to Guam or California. Yet transfer to the Northern California venue would greatly increase the convenience for Defendants' California-based witnesses.

The court also realizes that the issue of personal jurisdiction in this case has generated extensive discovery probing into the affairs of the Defendants and their contacts with Guam. The jurisdictional issue is being contested at a great cost. In defense of a pending motion to dismiss, over 800,000 pages of discovery have been produced. *See* Docket No. 273, Plaintiff's Alternative Motion for Continuance. Several discovery motions concerning the issue have been filed. There have been over 297 filings in this case, in large part due to the jurisdictional issues. Yet, still no answer has been filed. This case has been greatly burdened with expense and delay because of this issue. The *forum non conveniens* doctrine is designed to avoid exactly this sort of wasteful litigation. There is no doubt that had the Plaintiffs filed their suit in the Northern District of California, much of this could have been avoided and the case would most likely be further

advanced in terms of the litigation.

## CONCLUSION

Based on the foregoing, the court finds the Plaintiffs' interest in having Guam as a litigation forum is outweighed by the convenience of parties and witnesses and the interest of justice in this case. Accordingly, the Defendants have met their burden for transfer of the instant action. The Motion to Immediately Transfer for Convenience is **GRANTED** and this case is hereby **TRANSFERRED** to the Northern District of California.[6] The Clerk of Court shall close the case and notify the Clerk of Court in that district.

**SO ORDERED**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jun 27, 2007**

---

[6] The court notes that at 4:50 p.m., June 26, 2007, thousands of pages were filed. Accordingly, the case will be transferred upon completion of the clerk's office docketing all entries filed as of June 26, 2007.